COURT OF APPEALS
DECISION
DATED AND FILED

July 18, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2022AP1536**

STATE OF WISCONSIN

Cir. Ct. No.  2022CV992

IN COURT OF APPEALS
DISTRICT I

---

BRIAN TOBOYEK,

PLAINTIFF-APPELLANT,

V.

WISCONSIN PUBLIC SERVICE CORPORATION AND BELINDA L. GRAVES,

DEFENDANTS-RESPONDENTS.

---

APPEAL from an order of the circuit court for Milwaukee County: WILLIAM SOSNAY, Judge. *Affirmed*.

Before Brash, C.J., Donald, P.J., and Dugan, J.

¶1     BRASH, C.J.  Brian Toboyek appeals an order of the trial court dismissing his claims against his employer, the Wisconsin Public Service Corporation (WPS), and Belinda L. Graves, both individually and as an agent for

WPS (collectively, the defendants).[1]  Toboyek argues that the trial court erred in finding that his claim of negligent training and supervision was barred by the exclusive remedy provision of the Worker's Compensation Act (WCA), and that his invasion of privacy claim was preempted by the Labor Management Relations Act (LMRA).  We conclude that the trial court properly dismissed Toboyek's claims.  We therefore affirm.

## BACKGROUND

¶2      Toboyek began his employment with WPS in January 2006.  He ultimately held the position of control operator, and was a member of the International Union of Operating Engineers, Local 420.

¶3      During the COVID-19 pandemic, WPS implemented a mandatory mask policy, requiring employees to wear a mask or face-covering while working inside company facilities.  However, Toboyek asserts that he frequently observed co-workers who were not complying with the mask policy at the Weston Power Plant, the WPS facility where he was working at the time.

¶4      Toboyek expressed his concerns about this noncompliance to his manager, as well as to the vice president of WPS.  However, Toboyek contends that no action was taken by WPS to enforce the mask policy.  Toboyek claims that he suffered both physically and emotionally from the "constant fear" that he would

---

[1] In its brief, WPS states that Graves is improperly identified, as her name is Belinda L. Hale-Graves.  However, it does not appear that the caption for this matter was amended to make any such correction; as such, our references to Graves in this opinion are in alignment with the caption in the pleadings.

be infected with COVID-19 due to WPS's alleged failure to enforce its mask policy.

¶5 In December 2021, after being instructed by his healthcare provider to take a medical leave from work due to his physical and emotional ailments, Toboyek spoke with Graves, WPS's designated medical professional, for health counseling. During that conversation, Toboyek shared personal health information with Graves. Toboyek maintains that he did not authorize or give consent for that information to be shared.

¶6 Subsequently, Toboyek was told by co-workers that his health information had been circulated on a printed document and uploaded on the WPS intranet, accessible and available for viewing by all WPS employees. He received a screenshot and printout of the information that had been posted on the intranet site, describing in detail his counseling session with Graves regarding his concerns about the mask policy violations and his related mental health symptoms. Toboyek states that he was "shocked, outraged and mortified" after learning that this information was shared with WPS's 8,000 employees, and alleges that he has been on medical leave due to anxiety and high blood pressure since February 2022 as a result of the disclosure.

¶7 Toboyek filed an action against WPS and Graves in February 2022 with claims of invasion of privacy and negligent training and supervision, seeking damages for emotional pain, suffering, humiliation, embarrassment, and mental anguish. In response, the defendants filed a motion to dismiss Toboyek's claims. They argued that Toboyek's claim of negligent training and supervision was barred by the WCA; specifically, the provision stating that the WCA is the exclusive remedy for an employee's injuries arising out of his or her employment.

*See* WIS. STAT. § 102.03(2) (2021-22).[2]   The defendants further argued that Toboyek's invasion of privacy claim is preempted by the LMRA, asserting that the claim is "substantially dependent" on the analysis of a collective bargaining agreement between the union Toboyek belongs to and WPS, citing ***Allis-Chalmers Corp. v. Lueck***, 471 U.S. 202, 220 (1985).   The defendants also argued that Toboyek had failed to state claims for which relief could be granted.

¶8    The trial court agreed that Toboyek's negligent training and supervision claim fell "squarely within" the exclusive remedy provision of the WCA, and was therefore barred.   Furthermore, regarding the invasion of privacy claim, the court found that the collective bargaining agreement between WPS and the union contained a provision stating that WPS "as part of its inherent rights of management, has … 'the right to exercise full control and discipline of its employees in the interest of good service and the proper conduct of its business, the management of its facilities, equipment and operations, and the direction of the working force,'" which supported the defendants' preemption argument.

¶9    The trial court therefore granted the defendants' motion to dismiss. This appeal follows.

## DISCUSSION

¶10    "We review *de novo* a [trial] court's decision to grant or deny a motion to dismiss." ***City of Weyauwega v. Wisconsin Cent. Ltd.***, 2018 WI App 65, ¶10, 384 Wis. 2d 382, 919 N.W.2d 609.   For our review, we accept the factual

---

[2] All references to the Wisconsin Statutes are from the 2021-22 version unless otherwise noted.

allegations pled by the plaintiff as true, but we are "not required" to assume that the legal conclusions pled are also true. ***Doe v. Archdiocese of Milwaukee***, 2005 WI 123, ¶19, 284 Wis. 2d 307, 700 N.W.2d 180 (citation omitted).

*Negligent Training and Supervision Claim*

¶11    We begin our review of this matter with Toboyek's claim of negligent training and supervision of Graves by WPS; specifically, the question of whether the exclusive remedy provision of the WCA bars that claim.    The exclusive remedy provision states that where conditions for employer liability exist, "the right to the recovery of compensation under [the WCA] shall be the exclusive remedy against the employer, any other employee of the same employer and the worker's compensation insurance carrier."    WIS. STAT. § 102.03(2). "[W]hether a claim is subject to the exclusive remedy provision of the WCA is a question of law which is reviewed *de novo*."    ***Peterson v. Arlington Hosp. Staffing, Inc.***, 2004 WI App 199, ¶5, 276 Wis. 2d 746, 689 N.W.2d 61.

¶12    When the legislature enacted the WCA with its exclusive remedy provision, it represented a "legislative compromise between the interests of employers, employees and the public in resolving compensation disputes regarding work-related physical or mental harms arising in our industrial society." *Id.*, ¶11.    This compromise "resolved the conflict among these interests by establishing a system under which workers, in exchange for compensation for work-related injuries regardless of fault, would relinquish the right to sue employers and would accept smaller but more certain recoveries than might be available in a tort action." *Id.*, ¶12.    It has therefore been recognized that when a court reviews whether this provision is applicable to a particular claim, the provisions of WIS. STAT. ch. 102 must be "liberally construed," taking care to

"avoid upsetting the balance of interests achieved by the WCA." ***Weiss v. City of Milwaukee***, 208 Wis. 2d 95, 102, 559 N.W.2d 588 (1997).

¶13 According to the exclusive remedy provision, liability exists against an employer when an employee sustains an injury during the course of his or her employment.[3] WIS. STAT. § 102.03(1). An "injury" is defined as a "mental or physical harm to an employee caused by accident or disease[.]" WIS. STAT. § 102.01(2)(c). The injuries alleged by Toboyek—that he suffers from anxiety and high blood pressure as a result of Graves' disclosure of his private health information—fall within this definition. *See **id.***

¶14 Our supreme court has stated that "[i]t is well settled that when the [WIS. STAT.] § 102.03(1) conditions of liability for worker's compensation are satisfied, the exclusive remedy provision, § 102.03(2), precludes an injured employee from maintaining a negligence action against his or her employer and fellow employees." ***Weiss***, 208 Wis. 2d at 103 (footnote omitted). Furthermore, the Seventh Circuit has determined, based on this "repeated[]" interpretation of § 102.03 by our supreme court, that a negligent supervision and retention claim by an employee against a co-worker "falls squarely within the reach of § 102.03(2)," and therefore the claim was "properly dismissed." ***Johnson v. Hondo, Inc.***, 125 F.3d 408, 410, 418 (7th Cir. 1997). Relying on the same premise, this court has also recognized that "Wisconsin case law, and courts interpreting Wisconsin case law, have expressly stated that an employee's negligence claims against a co-employee or employer are precluded by the exclusivity provision of the WCA" in

---

[3] Additionally, to establish employer liability under WIS. STAT. § 102.03, both the employee and employer must be "subject to the provisions" of WIS. STAT. ch. 102. Sec. 102.03(1)(b). There is no dispute that this is the case here.

affirming the trial court's grant of summary judgment on a negligent supervision claim. *See* ***Thiele v. Robinson***, No. 2016AP2180, unpublished slip op. ¶¶1, 21 (WI App Jan. 23, 2018).[4]

¶15 In an attempt to circumvent the bar of the exclusive remedy provision, Toboyek argues that because his invasion of privacy claim is not barred by WIS. STAT. § 102.03, and because the harm he suffered is the same for that claim as it is for his negligent supervision and training claim, his negligence claim is not barred. We are not persuaded. The facts alleged by Toboyek in his complaint demonstrate that the conditions for employer liability under § 102.03 have been met, and therefore the exclusive remedy provision precludes Toboyek from maintaining his negligent training and supervision claim. *See* ***Weiss***, 208 Wis. 2d at 103. As a result, this claim was properly dismissed by the trial court. *See* ***Johnson***, 125 F.3d at 418.

*Invasion of Privacy Claim*

¶16 Next, we review Toboyek's invasion of privacy claim and the question of whether this claim is preempted by federal law; specifically, § 301 of the LMRA. That section mandates federal jurisdiction over actions relating to collective bargaining agreements between employers and unions representing employees, based on "[c]ongressional power to legislate in the area of labor relations" for purposes of "having the administration of collective bargaining contracts accomplished under a uniform body of federal substantive law." *See* ***Allis-Chalmers Corp.***, 471 U.S. at 208-09, 211 (citation omitted). The question of

---

[4] Pursuant to WIS. STAT. § 809.23(3)(b), authored unpublished opinions of this court issued on or after July 1, 2009, may be cited for persuasive value.

whether a tort based in state law "is sufficiently independent of federal contract interpretation to avoid pre[]emption is … a question of federal law." *Id.* at 214. We review such questions *de novo*. *See City of Weyauwega*, 384 Wis. 2d 382, ¶10.

¶17    The preemptive power of § 301 was applied in *Allis-Chalmers*. In that case, the United States Supreme Court overturned the Wisconsin Supreme Court's decision that a tort claim of bad faith was distinguishable from a bad faith breach of contract claim based on a collective bargaining agreement. *Id.*, 471 U.S. at 207. Instead, the Supreme Court held that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim … or dismissed as pre[]empted by federal labor-contract law." *Id.* at 220. Put another way, "[a] state law claim is 'independent' if it 'does not require construing the collective-bargaining agreement.'" *Miller Brewing Co. v. DILHR*, 210 Wis. 2d 26, 39, 563 N.W.2d 460 (1997) (citation and emphasis omitted).

¶18    Thus, the nature of the claim is key. For example, in *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706 (7th Cir. 1992), the Seventh Circuit held that the defendant's invasion of privacy claim relating to the placement of surveillance cameras outside of a locker room was a § 301 claim that would be properly heard in federal court. *Id.* at 707, 710. The court reasoned that "[a] state court could not award damages without first construing the collective bargaining agreement and rejecting [the employer's] interpretation of the management-rights clause" that was in the collective bargaining agreement. *Id.* at 709. In fact, the court recognized that "[p]rivacy in the workplace … is an ordinary subject of bargaining" because "[t]he extent of privacy is a 'condition' of employment." *Id.* at 710. Subsequently, the Western District of Wisconsin

8

applied the reasoning in *Amoco* to an employee's invasion of privacy claim relating to alleged false statements regarding his termination, concluding it "must be dismissed as preempted." *Moder v. L.E. Meyers Co.*, 589 F. Supp. 2d 1043, 1051 (W.D. Wis. 2008).

¶19    We therefore apply that reasoning here.  The collective bargaining agreement between WPS and Toboyek's union in effect at the time Toboyek claims he was injured by WPS and Graves contained a provision regarding the "Exclusive Functions of Management."  According to that provision, WPS retains "the right to exercise full control and discipline of its employees in the interest of good service and the proper conduct of its business, the management of its facilities, equipment and operations and the direction of the working force[.]"

¶20    As the Seventh Circuit determined in *Amoco*, we conclude that damages could not be awarded for Toboyek's invasion of privacy claim without first construing the Exclusive Functions of Management provision of the collective bargaining agreement as it relates to the actions of WPS and Graves.  *See id.*, 964 F.2d at 709.  Therefore, Toboyek's invasion of privacy claim is preempted by § 301 of the LMRA.  *See Allis-Chalmers Corp.*, 471 U.S. at 220; *Miller Brewing Co.*, 210 Wis. 2d at 39.

¶21    In sum, because Toboyek's claim of negligent supervision and training is barred by the exclusive remedy provision of the WCA, and his invasion of privacy claim is preempted by § 301 of the LMRA, these claims were properly dismissed by the trial court.  We therefore affirm its order granting the defendants' motion to dismiss.

*By the Court.*—Order affirmed.

Recommended for publication in the official reports.